# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| NATHAN EARL BURGESS | § | |
| v. | § | Civil Action No. 4:15-CV-507 |
| | § | (Judge Mazzant/Judge Nowak) |
| US DEPARTMENT OF EDUCATION, ET AL. | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 21, 2017, the report of the Magistrate Judge (Dkt. #30) was entered containing proposed findings of fact and recommendations that Plaintiff Nathan Burgess's Second Amended Complaint (Dkt. #25) be dismissed. Having received the report and recommendation of the Magistrate Judge (Dkt. #30), having considered Plaintiff's objections (Dkt. #31), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #30) as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

*Pro se* Plaintiff Nathan Burgess filed the present lawsuit asserting various claims against over seventy named Defendants and one million John Doe Defendants (Dkt. #1; Dkt. #25). Plaintiff's Second Amended Complaint (Dkt. #25) spans sixty-five pages and includes nearly one hundred additional pages of attachments. The Court discerns from Plaintiff's pleadings and attachments that Plaintiff's lawsuit derives largely from his dissatisfaction with his legal representation (or lack thereof) during a prior state criminal proceeding (Dkt. #25 at 2 (alleging the Defendants "depriv[ed] Plaintiff of his U.S. and Texas Constitutional and Federal and State

Statutory rights to be represented, (assisted by state 'approved' legal counsel), by zealous legal counsel, during a criminal trial")). Plaintiff's prior criminal proceeding relates to an eviction from a home in Murphy, Texas, that Plaintiff and his family inhabited for a brief time (*see* Dkt. #25 at 6-21). Plaintiff and/or his family members inhabited the home pursuant to an agreement with staging company Castle Keepers, Inc. ("Castle Keepers"). Castle Keepers, acting on behalf of homeowner Aji Philip, had placed Plaintiff's family in the home to make it appear more "lived in" while it was for sale. In May 2012, however, Philip asked that Plaintiff and his family be removed from the home. Castle Keepers filed a forcible detainer action against Plaintiff's family members that same month. Castle Keepers prevailed and, on July 9, 2012, the Court issued a writ of possession to the constable's office. *See Castle Keepers, Inc. v. Drew Burgess, et al.*, Collin County Cause No. 32-EV-12-00312; *see also* Dkt. #25 at 8-9. Thereafter, and on July 13, 2012, the Murphy Police Department was dispatched to the home. Plaintiff alleges that, on this date, while Plaintiff was attempting to move a glass display into a moving truck, Plaintiff somehow shattered the display; Sergeant James Hermes had Plaintiff arrested as a result for illegal dumping (Dkt. #25, Exhibit 1-M at 87). *See also Burgess v. State*, No. 05-14-00216-cr, 2015 WL 4628728, at *2 (Tex. App.—Dallas Aug. 4, 2015, pet. denied). From this arrest arose the criminal case that forms the basis of Plaintiff's present suit (*see, e.g.*, Dkt. #31 at 4-5, 8; Dkt. #25 at 7-30). Plaintiff asserts both the (civil) forcible detainer proceeding and his criminal proceeding were rife with procedural irregularities and mistreatment of both himself and his family. Plaintiff believes the mistreatment he experienced during his criminal proceeding reflects a vast conspiracy between the American Bar Association, the Department of Education, and all licensed attorneys that deprived Plaintiff of his constitutional right to effective assistance of counsel (*see* Dkt. #25 at 2-3, 25-51).

In light of these allegations, Plaintiff requests "equitable and other relief" based on his "specified property interest in the original contract, 'The Constitution of the United States of America'" (Dkt. #25 at 1). Plaintiff asserts the following causes of action as a basis for this relief: (1) "Misappropriation of Chattel Property (Common law crime)"; (2) "Acquisition and Maintenance of an Interest in and Control of an Enterprise Engaged in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(b)"; (3) "Conduct and Participation in a RICO Enterprise through a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(c)"; (4) "Conspiracy to Engage in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(d)"; (5) "Fifth Amendment Violation (*Bivens v. VI Unknown Agents of Federal Bureau of Narcotics*)"; and (6) "First Amendment Violation (*Bivens v. VI Unknown Agents of Federal Bureau of Narcotics*)" (Dkt. #25 at 56-64).

Plaintiff has previously asserted many of these claims before the Court. *See* Eastern District of Texas Case No. 4:14-cv-466 (hereinafter the "Original Federal Suit"). Indeed, as the Magistrate Judge made clear, the bulk of Plaintiff's claims in the instant suit grow out of the same circumstances underlying the Original Federal Suit; it appears "Plaintiff merely names new Defendants in this lawsuit and further engrafts charges of a vast conspiracy to explain the outcome of those events" (Dkt. #30 at 8). As such, the Magistrate Judge entered a report and recommendation on April 21, 2017, recommending that each and every one of Plaintiff's claims against each and every one of Defendants be dismissed with prejudice under 28 U.S.C. § 1915(e) (Dkt. #30). Plaintiff timely filed objections on May 8, 2017 (Dkt. #31), which the Court now considers.

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff's objections are largely duplicative and repetitive of each other; after reviewing Plaintiff's filing, the Court discerns Plaintiff objects as follows to the Magistrate Judge's report and recommendation: (1) the Magistrate Judge improperly found that Plaintiff's claims relate to his eviction from Philip's home rather than to his state criminal proceedings; and (2) the Magistrate Judge erroneously recommended dismissal with prejudice of Plaintiff's claims for frivolousness.

*Objection:  Characterization of Plaintiff's Claims*

Plaintiff seemingly objects that the Magistrate Judge improperly found Plaintiff's claims arise out of his eviction from Philip's home rather than out of his related criminal proceedings for illegal dumping. Plaintiff claims he was not "evicted" and that the instant lawsuit does not raise the same claims and/or focus on the same factual scenario as did the Original Federal Suit.[1] To that end, Plaintiff argues the Magistrate Judge characterizes his claims in a dishonest manner. However, the Court notes Plaintiff devotes fifteen pages of his Second Amended Complaint solely to discussing the forcible detainer proceeding (*see* Dkt. #25 at 6-21) and indicates that the alleged wrongs he purportedly suffered during that proceeding led in part to his RICO conspiracy allegations (Dkt. #25 at 21). Further, in identifying his causes of action, Plaintiff expressly "repeat[s] and re-allege[s] each and every allegation of the foregoing paragraphs[,]" including

---

[1] Plaintiff may also assert he added the defendants to this suit who were also named in the prior suit "with the permission of the court" (*see* Dkt. #31). The record reveals no request by Plaintiff to add any defendants to this suit, much less those named in the Original Federal Suit. Notably, whether or not Plaintiff properly added any Defendants named in the Original Federal Suit here does not affect the Magistrate Judge's conclusion that the instant lawsuit should be dismissed as duplicative of the Original Federal Suit.

those related to the forcible detainer proceeding (Dkt. #25 at 56-57, 60-63). The Magistrate Judge clearly relied upon Plaintiff's own allegations and representations in finding Plaintiff's claims arise not only from his criminal proceeding, but also from the civil forcible detainer proceeding that preceded it and which were the subject of the Original Federal Suit (*see* Dkt. #30 at 2-9).

The Fifth Circuit has found claims "involv[ing] the same general series of events, facts, and conditions that were at issue in an earlier . . . proceeding[]" constitute "'[r]epetitious litigation of virtually identical causes of action' . . . properly dismissed as frivolous." *McBarron v. Fed. Bureau of Prisons*, 332 F. App'x 961, 963-64 (5th Cir. 2009) (per curiam). The Fifth Circuit also has upheld dismissal of claims as frivolous for duplicating claims "grow[ing] out of the same allegations" raised in a previous lawsuit, even where a plaintiff attempts to "raise new claims" or to add new defendants. *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam); *see also Potts v. Texas*, No. 1:07-CV-632, 2008 WL 4525007, at *3 (E.D. Tex. Sept. 26, 2008) ("While there may be some new defendants and claims buried within the original and two amended complaints filed in this district, the new factual allegations are the same 'clearly baseless,' 'fanciful,' 'fantastic,' 'delusional,' and 'irrational or the wholly incredible' types of claims that were dismissed as frivolous in the southern district of Texas. They require the same action here.").

In the instant case, Plaintiff's first, fifth, and sixth causes of action (for misappropriation of chattels and for Fifth and First Amendment violations under *Bivens*, respectively), which Plaintiff raises against all named Defendants, duplicate Plaintiff's previous claims in the Original Federal Suit. Plaintiff's claims that Defendants misappropriated his property and/or violated his civil rights rehash his claims under Section 1983 from the Original Federal Suit, as they each arise out of allegations that his personal property and home, as well as his liberty, were taken inappropriately (*see* Dkt. #26 in Original Federal Suit). The Court fully considered those claims

5

in the Original Federal Suit, and Plaintiff's repetition of them here does not occasion their reconsideration. *See McBarron*, 332 F. App'x at 963-64 (finding "claims involv[ing] the same general series of events, facts, and conditions that were at issue in an earlier . . . proceeding" properly dismissed because the petitioner "had an adequate opportunity for 'one bite at the litigation apple.'"). Moreover, upon review, each and every claim Plaintiff raises in the instant lawsuit grows out of the same factual scenario raised in the Original Federal Suit, namely the forcible detainer proceeding against Plaintiff and/or his family and the closely related criminal proceeding against Plaintiff (*see* Dkt. #36 in Original Federal Suit). Although Plaintiff now further alleges a vast conspiracy between the ABA, Department of Education, and every licensed attorney in the nation, Plaintiff's addition of new defendants and claims he neglected to raise previously does not salvage his otherwise wholly duplicative claims. *See, e.g.*, *Potts*, 354 F. App'x at 71; *Potts*, 2008 WL 4525007, at *3. Accordingly, the Magistrate Judge properly found Plaintiff's claims duplicative of his previous claims and thus subject to dismissal. The Court overrules Plaintiff's objection.

*Objection:  Dismissal with Prejudice for Frivolousness*

Plaintiff also objects to the Magistrate Judge's recommendation that his claims be dismissed with prejudice under 28 U.S.C. § 1915(e) for frivolousness. Plaintiff argues he asserts valid claims of misappropriation and under *Bivens* for more than just the chattel property taken from the home; he asserts "chattel" as used in the Second Amended Complaint "refers to the chattel of the constitutional rights referred to in my complaint . . . , I have a right to the guarantees of the constitution, and I simply make claim to that right and any denial is effectively stealing my property rights" (Dkt. #31 at 7). He also claims "a liberty interest in the constitution and maintaining its veracity from those that would seek to deny [his] constitutional rights" (Dkt. #31

at 7). Plaintiff contends, as well, that no statute of limitations bars his claims because he "just became aware of [the infractions] right before [he] filed the complaint" (Dkt. #31 at 9). As to his RICO claims, Plaintiff objects that the Magistrate Judge selectively quotes portions of his Second Amended Complaint in an effort to make his otherwise valid claim seem outlandish; he states his theory as follows:

> I have been clear in the 167 pages about the attorneys and judges and other professionals from the DoEd, to ABA, to TBA to the government atones [sic] and police officers all working together as ABA associates and those that are under the control of the ABA that are intentionally, or not, working together [to] form a tacit understanding in agreement, as police arrest persons knowing that the City and County attorneys are going to cover for them and support the things that [sic] are doing, and that the ABA and its associates thru [sic] the Bar System are working to alter the original intent of the law with all the amendments and judicial decisions that in effect, deny the people's rights guaranteed to us by the constitution in times most needed, when in the judiciary (Legal) system, . . . .

(Dkt. #31 at 11). Plaintiff ties the alleged conspiracy to his criminal proceeding by asserting he has a "constitutionally guaranteed right to be represented by qualified counsel . . . in particular as an indigent defense defendant" that was allegedly abrogated by "the laws and actions of the ABA and its significant associates to deny such guarantees through its attempts at changing the Rules over the last 150 years or so" (Dkt. #31 at 5).

Courts appropriately dismiss claims with prejudice under Section 1915(e)(2)(B) in certain circumstances. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 802 (N.D. Tex. 2005) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), and *Marts v. Hines*, 117 F.3d 1504, 1505 (5th Cir. 1997) (en banc)). The Fifth Circuit has specifically held that, when presented with one of the following situations, a court may dismiss an *in forma pauperis* complaint with prejudice: "(1) 'complaints containing claims which, on their face, were subject to an obvious meritorious defense'; (2) when the plaintiff had been 'given an opportunity to expound on the factual allegations' through a questionnaire or hearing and still 'could not assert a claim with an arguable factual basis'; and

(3) 'claims without an arguable basis in law.'" *Shabazz*, 380 F. Supp. 2d at 802-03 (noting this includes "'dismissals as frivolous or malicious' under the IFP screening statute[,]"citing *Marts*, 117 F.3d at 1505, and *United States v. Coscarelli*, 149 F.3d 342, 343 (5th Cir. 1998)). A claim lacks "an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory including alleged violations of a legal interest that clearly does not exist." *Phillips v. City of Dallas*, No. 3:14-cv-3131-M, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989), and *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "Claims within a complaint lack an arguable basis in fact if they describe 'fantastic or delusional scenarios'" such that they "rise to the level of the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* (quoting *Neitzke*, 490 U.S. at 327-28, and *Denton*, 504 U.S. at 32-33).

To begin, regarding Plaintiff's claims for misappropriation and/or under *Bivens*, Plaintiff fails to identify a cognizable property or liberty interest (other than his interest in the personal property allegedly seized when Plaintiff's family was ordered to vacate the home discussed *supra*) against which to make such claim. In his objections, Plaintiff characterizes his constitutional rights as "chattel" that Defendants have either misappropriated or subjected to a taking (under the Fifth Amendment). Plaintiff cites no authority supporting this understanding of a person's constitutional rights, and the Court has found no authority for this particular proposition. Likewise, Plaintiff cites no authority for his claimed liberty right in defending the veracity of the Constitution. Plaintiff has attempted through his objections to allege "violations of a legal interest that clearly does not exist"; accordingly, such claims should be dismissed. *See Phillips*, 2015 WL 233336, at *4.

Further, to the extent Plaintiff rests his allegations on the taking of his personal property, the Magistrate Judge properly found Plaintiff's claim barred by the applicable statutes of limitation. *Bivens* and trespass to chattel (and/or conversion) claims lapse at the expiration of two years after the alleged wrongdoing. *See, e.g.*, *Reed v. Gonzalez*, No. CIV.A. 499CV603P, 2001 WL 640788, at *3 (N.D. Tex. June 8, 2001) (regarding *Bivens* claims); *Fields v. City of Texas City*, 864 S.W.2d 66, 69 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (citing Tex. Civ. Prac. & Rem. Code § 16.003(a) regarding trespass to chattel, conversion, and/or misappropriation claims)). Plaintiff's assertion that he just became aware of such claims rings hollow in light of his own filings: complaints (dated June 5, 2012) that he purportedly filed with the court in the civil forcible detainer proceeding (*see* Dkt. #25, Exhibit 1-L), as well as an email (dated August 6, 2012) that he apparently wrote regarding the alleged wrongdoing on the date he was arrested (Dkt. #25, Exhibit 1-M at 86-88) show Plaintiff knew (or at least believed) as early as 2012 that he had been wronged as alleged in the present case. Furthermore, the "discovery rule" as applied to claims for "conversion" and other such torts operates to toll the two-year limitations period only "until the plaintiff knew, or exercising reasonable diligence, should have known of the wrongful act causing injury." *Jackson v. W. Telemarketing Corp. Outbound*, 245 F.3d 518, 523-24 (5th Cir. 2001) (applying Texas law). Likewise, courts toll *Bivens* claims "sparingly" and generally only where the "plaintiff diligently pursued his rights[] . . . ." *Pequeno-Garcia v. Zarate*, No. 3:17-cv-867-L-BN, 2017 WL 2470996, at *2 (N.D. Tex. May 4, 2017). Plaintiff states in a conclusory fashion in his objections that he did not know about his claims until just before filing suit, but his allegations and attachments belie this statement. Accordingly, the Court agrees with the Magistrate Judge that the applicable statutes of limitation bar Plaintiff's *Bivens* and misappropriation claims.

As to Plaintiff's RICO claims (his second, third, and fourth causes of action), the Court finds Plaintiff's allegations factually and legally frivolous. The Magistrate Judge summarized Plaintiff's conspiracy allegations as follows:

> Plaintiff alleges a vast conspiracy headed by the Department of Education and the ABA that is tended to by every lawyer admitted to practice law in the United States and is aimed at depriving every non-lawyer citizen of the United States of his or her constitutional rights [*see, e.g.*, Dkt. 25 at 47-48]. . . . Plaintiff claims this nationwide machinery operates to deprive every non-lawyer of his or her constitutional rights and operated in his particular case to evict him from the Property, to destroy and/or seize his personal property, and to restrict his freedom of speech.

(Dkt. #30 at 22-23). Plaintiff objects to this characterization, but his own explanation (quoted *supra* at p.7) does not provide any additional clarity to the Second Amended Complaint's jumbled claims. The Court agrees with the Magistrate Judge that Plaintiff "fails to allege any specific actions on the part of any Defendant which would support liability under . . . RICO" and that "the sheer breadth of Plaintiff's RICO claims and the conspiracy alleged" leaves the Court "struggl[ing] to conclude that a reasonable person viewing the allegations would find them rational or based in reality[,]" as is required for an *in forma pauperis* complaint to survive dismissal. *See, e.g.*, *Hamilton v. United Parcel Serv., Inc.*, No. 1:11-CV-240, 2012 WL 760714, at *5 (E.D. Tex. Feb. 13, 2012) (dismissing plaintiff's claims of a "far-fetched scheme whereby UPS and CVS, both large and well-known corporations, conspired with the federal government"); *Phillips*, 2015 WL 233336, at *4-5 (finding dismissal for frivolousness appropriate where the plaintiff made wide-ranging claims of conspiracy involving the FBI and UPS, Inc., among others); *Burley v. Unknown Defendants*, No. 2:15-CV-143, 2015 WL 8488652, at *3 (S.D. Tex. June 19, 2015), *report and recommendation adopted*, No. 2:15-CV-143, 2015 WL 8212681 (S.D. Tex. Dec. 7, 2015) (finding dismissal for frivolousness appropriate and noting that, "[a]lthough these matters are real to

Plaintiff, the allegations are so fanciful that a reasonable person would find them irrational and completely lacking any factual basis"). The Court overrules Plaintiff's objection.

## CONCLUSION

Having considered Plaintiff's timely filed objections (Dkt. #31), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #30) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Plaintiff's Second Amended Complaint (Dkt. #25) is **DISMISSED**, and each and every of Plaintiff's claims against each and every Defendant are **DISMISSED** with prejudice.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
 **SIGNED this 19th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE